**MANIGOE, ET, Plaintiffs-Appellees, v CASON, ETC., ET, Defendants-Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 4002. Decided June 11th, 1947.

Walter W. Grelle, Jr., Columbus, for plaintiffs-appellees.
James F. Little, Columbus, for defendants-appellants.

## OPINION

By THE COURT:

This is an appeal on law from the Municipal Court of Columbus, Ohio, which rendered judgment against the defendants-appellants in a forcible entry and detainer action, and also gave judgment to the plaintiffs-appellees in the amount of $19.20 for rent due.

No record was taken in the trial court, and there is no bill of exceptions before this Court. Hence, no error can be considered by this Court unless it be disclosed by the pleadings

as a question of law. The question is raised as to whether the petition alleges facts sufficient to constitute a good cause of action. Such matters may be considered without a bill of exceptions. **Insurance Company v Brecheisen, 50 Oh St 542; Risk v Building Association, 31 Oh St 517; Barr v Meek, 28 O. L. Rep. 204; 2 O. Jur. p. 431, Sec. 374.**

The petition alleges that plaintiffs-appellees are the owners of the premises sought to be vacated; that the defendant-appellant, Jesse Cason, occupies said premises as tenant under an oral rental agreement, which provided for a month to month tenancy and the payment of $18.00 rent per month, payable in advance on the 8th day of each month. The petition further alleges that:

"Plaintiffs further say that said defendant, Jesse Cason, has violated a provision of the rental agreement between the parties by subletting a portion of the premises, and on November 2nd, 1946, he was given a ten day notice to cure such violation and have the said subtenants move therefrom within such period of time. Plaintiffs further say that the defendant failed and refused to comply with said notice."

"Plaintiffs further say that on November 13, 1946 the defendants were given a three day notice to vacate said premises because of failure to comply with said ten day notice, and further the defendant has failed and refused to comply with said notice to move, a copy of which notice was given to the O. P. A. within twenty-four hours thereafter."

The petition did not expressly allege that the oral rental agreement provided against subletting. The petition may have been open to a motion to make definite and certain. Since no motion was filed the question was waived. In the absence of a bill of exceptions the presumption prevails that there was sufficient proof to support the judgment of the trial court on this issue.

The petition alleged a rental agreement and a breach thereof by the tenant by subletting. A preliminary notice was given to the tenant to cease the violation of such rental agreement, as required by the Rent Regulation for Housing of the Office of Price Administration, (see Sec. 6 (a) (3) of Sec. 1388.-1181 issued under 56 Stat. 23,765; Pub. Law 383, 78 Cong.). The notice was given on November 2, 1946, and the subtenants were required to vacate by November 12, 1946. The violation, not being cured, on November 13, 1946, the tenant was served with

a notice to leave the premises on or before November 17, 1946. Two questions of law are raised by the service of this notice.

First, it is contended that since a monthly term began on November 8, 1946, the tenant could not be required to vacate on a date earlier than the last day of the monthly term, which began November 8, 1946. The petition alleges that the land- lord notified the tenant of his breach of the rental agreement prior to the date on which the new monthly term began, and gave written notice that the violation cease. Under such circumstances, a new rental contract for another month, beginning November 8, 1946, did not arise by implication of law. The principle of law which holds that, under a month to month tenancy, where the tenant enters upon a new term, with the acquiescence of the landlord, there is implied in law a rental contract for another monthly term on the same terms and ■ conditions which existed for the prior month, binding on the landlord and tenant alike, has no application when the tenant breaches his rental contract. A new tenancy arises only when the facts are such as to show a mutual intention of the landlord and tenant to create it. **24 O. Jur. p. 1221, Sec. 473.** On this issue the notice was valid.

Second, it is contended that the notice to leave the premises did not comply with the requirements of Sec. 6 (d) (1) of the Rent Regulation for Housing of the Office of Price Administration. (See Sec. 6 (d) (1) of Sec. 1388.1181, issued under 56 Stat. 23, 765; Pub. Law 383. 78th Cong.). The notice to vacate was given on November 13, 1946, requiring the tenant to surrender the premises on or before November 17, 1946. Apparently, the plaintiffs-appellees proceeded on the theory that compliance with the requirements of §10451 GC, was sufficient. However, Sec. 6 (d) (1) of the Rent Regulation for Housing in part provides:

"No tenant shall be removed or evicted from housing accommodations by court process or otherwise, unless at least ten days (or, where the ground for removal or eviction is nonpayment of rent, the period required by the local law for notice prior to the commencement of an action for removal or eviction in such cases, but in no event less than three days) prior to the time specified for surrender of possession and to the commencement of any action for removal or eviction, the landlord has given written notices of the proposed removal or eviction to the tenant and to the area rent office, stating the ground under this section upon which such removal or eviction

is sought, the facts necessary to establish the existence of such ground, and specifying the time when the tenant is required to surrender possession."

This section expressly provides that, except for nonpayment of rent, at least ten days prior to the time specified for surrender of possession and to the commencement of an action, the landlord shall give written notice to the tenant of the proposed removal or eviction. This provision of the Rent Regulation supersedes the provisions of §10451 GC.

The plaintiffs-apppellees failed to give a ten days' notice, as required by the Regulation. The preliminary written notice served on the tenant on November 2, 1946, asking the subtenants to vacate within ten days, cannot operate as, or be construed as, the requisite ten days eviction notice required to be given to the tenant under Sec. 6 (d) (1) of the Regulation. The notice given did not conform to the requirements of the law. The notice being illegal the action could not be maintained.

The judgment of the trial court will be reversed in regard to the first cause of action, which prays for restitution, and affirmed in regard to the second cause of action, which prays for judgment for rent due.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.